IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE L. RALEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:23-cv-552-RAH-JTA |
| | ) (WO) |
| UNITED STATES OF AMERICA and | ) |
| MERRICK GARLAND, United States | ) |
| Attorney, | ) |
| | ) |
| Defendants. | ) |

## **ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the motion to dismiss filed by Defendants United States of America and United States Attorney General Merrick Garland. (Doc. No. 23.) The court CONSTRUES the motion as containing both a motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Also before the court is *pro se* Plaintiff Johnnie L. Raley's Answer to Motion to Dismiss. (Doc. No. 27.) The court CONSTRUES that filing as containing a motion for leave to amend the complaint to cure defective jurisdictional allegations.

Upon consideration of the motions, responses thereto, and for the reasons stated herein, the court will grant Plaintiff's motion for leave to amend the complaint. In addition, the undersigned will recommend that Defendants' Rule 12(b)(1) motion be denied, that

Defendants' Rule 12(b)(6) motion be granted, and that this action be dismissed with prejudice.

## I.     JURISDICTION

This court has subject matter jurisdiction over this action based on federal question jurisdiction, as some of Plaintiff's causes of action arise under the Constitution and laws of the United States.[1] 28 U.S.C. § 1331. Venue and personal jurisdiction appear proper and are not contested.

This action has been referred to the undersigned pursuant to 28 U.S.C. § 636 "for further proceedings and determination or recommendation as may be appropriate." (Doc. No. 7.)

## II.    STANDARD OF REVIEW

A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

Subject matter jurisdiction is the power of the court to hear a class of cases, which is conferred by statute. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 503, 513 (2006). "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "The burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016) (citation omitted).

---

[1] Plaintiff's Amended Complaint references "state law claims" and asserts the existence of supplemental jurisdiction over such claims pursuant to 28 U.S.C. § 1367. Yet, Plaintiff's Amended Complaint alleges no state law claims. The Amended Complaint only alleges that 28 U.S.C. § 922(g)(1) violates the United States Constitution.

"[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514.

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for "[f]ederal-question" jurisdiction, § 1332 for "[d]iversity of citizenship" jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when [he] pleads a colorable claim "arising under" the Constitution or laws of the United States. *See Bell v. Hood*, 327 U.S. 678, 681–685 … (1946). [He] invokes § 1332 jurisdiction when [he] presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000. *See* § 1332(a).

*Id.* at 513 (footnote omitted).

Motions to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) bring either "facial attacks"[2] or "factual attacks." *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990).

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. *Id*. at 1529. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. *Id*. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. *Id*.

*Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003).

B.   Motion to Dismiss for Failure to State a Claim

When evaluating a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must take the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff. *Resnick v. AvMed*, *Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012). To survive Rule 12(b)(6) scrutiny, "a complaint must

---

[2] This case involves a facial attack on subject matter jurisdiction.

contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Because it is not drafted by an attorney, the complaint of a *pro se* plaintiff must be liberally construed. *See Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft*, 556 U.S. at 678, and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see also Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) ("While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." (internal citations and quotation marks omitted)). The complaint's factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson*, 551 U.S. at 93 (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678; *see also Twombly*, 550

4

U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). Moreover, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain a cause of action." *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011) (quoting *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)), *report and recommendation adopted*, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011).

Generally, a *pro se* plaintiff must be afforded "at least one" opportunity to amend the complaint if (1) the plaintiff does not clearly indicate a lack of desire to amend and (2) a more carefully drafted amended complaint might, with more specific allegations against the proper defendant, state a claim upon which relief could be granted. *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 & n.1 (11th Cir. 2002) (en banc) (overruling *Bank* only as to plaintiffs who are represented by attorneys). "In some situations, further leniency – or 'an extra dose of grace' – may be warranted 'in recognition of the difficulty in proceeding *pro se*.'" *Grant v. Sheriff of Okeechobee Cnty.*, No. 22-11820, 2023 WL 2416262, at *4 (11th Cir. Mar. 9, 2023) (unpublished opinion) (quoting *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132–33 (11th Cir. 2019)).

C.  Motion for Leave to Amend the Complaint

A district court's discretion to deny leave to amend a complaint is "severely restricted" by Rule 15(a) of the Federal Rules of Civil Procedure, which stresses that courts should freely give leave to amend "when justice so requires." *Woldeab*, 885 F.3d at 1291 (quoting *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988)). The policy of liberally favoring amendment exists to facilitate determination of claims on their merits, rather than allowing litigation to become a survival exercise in the technical points of pleading. *Davis v. Delta Air Lines, Inc.*, No. 18-25361-CIV, 2019 WL 13261027, at *2 (S.D. Fla. May 30, 2019) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597–98 (5th Cir. November 5, 1981)); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). Despite Rule 15(a)'s "mandate" that leave to amend is to be freely given when justice requires, leave to amend may be denied for such reasons as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182.

Additionally, defective allegations of jurisdiction generally "may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. However, as when faced with other motions to amend, the court is not required to allow an opportunity to amend to cure a jurisdictional defect in the pleadings where the amendment would be futile. *Foman*, 371

U.S. at 182; *Crooked Creek Props., Inc. v. Ensley*, 660 F. App'x 719, 721 (11th Cir. 2016) (noting that, while defective allegations of jurisdiction may be amended pursuant to § 1653, courts may deny a motion to amend on the basis of futility, undue delay, bad faith, undue prejudice to the opposing party, etc.).

### III.   FACTS[3]

In October 1980, Plaintiff was arrested in Texas, charged, and pled guilty to burglary of a building not open to the public. (Doc. No. 18 at 1.) The crime to which Plaintiff pled was a felony punishable by more than one year in prison. (*Id.*) By pleading guilty, Plaintiff became subject for the rest of his life to 18 U.S.C. § 922(g)(1), which imposes criminal liability for possessing a firearm following conviction of a crime punishable by more than one year in prison. (*Id.*)  Plaintiff was sentenced to three years' probation. (*Id.*) He did not violate his probation. (*Id.*) Under Texas law, he was eligible to possess a firearm beginning in 1989, five years after successfully completing probation. (*Id.* at 3-5.) But for § 922(g)(1), Plaintiff would be able to possess a firearm without subjecting himself to criminal liability.[4]

---

[3] The facts are taken from the Amended Complaint. (Doc. No. 18.) For the purpose of analyzing the pending motions, the facts asserted in the Amended Complaint are presumed to be true, and all reasonable inferences are drawn in Plaintiff's favor. *Resnick*, 693 F.3d at 1321–22; *Morrison*, 323 F.3d at 925 n.5.

[4] Neither party contends that Plaintiff would currently be subject to a prohibition on possessing firearms under the laws of the State of Alabama, where Plaintiff resides, or by the laws of any other state. (Doc. No. 18 at 1.) *See* Ala. Code 1975 § 13A-11-72(a)(1) (prohibiting possession of firearms by any "person who has been convicted in this state or elsewhere of committing or attempting to commit a crime of violence, misdemeanor offense of domestic violence, violent offense as listed in Section 12-25-32(15), anyone who is subject to a valid protection order for domestic abuse, or anyone of unsound mind").

## IV. PROCEDURAL HISTORY

Plaintiff filed this action on September 19, 2023. (Doc. No. 1.) He is proceeding *in forma pauperis*. (Doc. No. 8.)

On November 16, 2023, upon review of the initial complaint in accordance with the court's obligations under 28 U.S.C. § 1915(e)(2)(B),[5] the undersigned held a status conference to inform Plaintiff that he would be allowed an opportunity to amend his complaint to state a claim upon which relief can be granted. (Doc. No. 17.) Following the status conference, the court entered a written order requiring Plaintiff to file an amended pleading in conformity "with the Federal Rules of Civil Procedure, including Rule 8(a), Rule 8(d), and Rule 10, and the Local Rules for the United States District Court for the Middle District of Alabama." (Doc. No. 16 at 3.)

On November 20, 2023, Plaintiff timely filed his Amended Complaint, raising four constitutional challenges to § 922(g)(1). (Doc. No. 18.) First, he asserts that § 922(g)(1) violates his Second Amendment right to bear arms. (Doc. No. 18 at 3.) Second, he alleges that § 922(g)(1) violates his Fifth Amendment[6] right to due process by imposing

---

[5] Under 28 U.S.C. § 1915(e)(2)(B), when a plaintiff is proceeding *in forma pauperis*, the court must dismiss the lawsuit if it determines at any time during the proceeding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) – (iii).

[6] Plaintiff also cites the Fourteenth Amendment as the source of his due process rights, though his claims are aimed entirely at the constitutionality of a federal statute. *See Lietzke v. City of Montgomery, AL*, No. 22-cv-1030-ECM-JTA, 2023 WL 3238945, at *10 n.14 (M.D. Ala. May 3, 2023) ("'The fifth amendment to the United States Constitution restrains the federal government, and the fourteenth amendment, section 1, restrains the states[] from depriving any person of life, liberty, or property without due process of law.'" (quoting *Buxton v. City of Plant City, Fla.*, 871 F.2d 1037, 1041 (11th Cir. 1989)).

continuous "lifetime punishment" depriving him of the right to bear arms "without warrant indictment prosecution" and "without trial and without legal representation."[7] (Doc. No. 18 at 4 (sic).) Third, he asserts that § 922(g)(1) violates the Eighth Amendment's prohibition on cruel and unusual punishment. (Doc. No. 18 at 4.) Fourth, he alleges that § 922(g)(1) violates the Fifth Amendment's double jeopardy clause. (Doc. No. 18 at 4.) For relief, Plaintiff "seeks declaratory and injunctive relief exempting him from criminal liability for possession of a firearm under Section 922(g)(1) and the firearms act of 1968 [and] 1934" and a judgment declaring that § 922(g)(1) is unconstitutional. (Doc. No. 18 at 5.)

On February 9, 2024, Defendants filed a motion to dismiss, arguing that Plaintiff had failed to sufficiently allege standing to challenge the constitutionality of § 922(g)(1) and that the Amended Complaint failed to state a claim upon which relief can be granted. (Doc. No. 23.) In Plaintiff's response, he provided additional allegations regarding his standing to sue. (Doc. No. 27.) Therefore, as explained more fully in Section IV.A. of this Order and Recommendation, the court construes Plaintiff's response as containing a motion for leave to amend to cure a deficiency in the jurisdictional allegations.

The pending motions are briefed and are ripe for review.

## V.    DISCUSSION

A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction

---

[7] In his Amended Complaint, Plaintiff does not allege that he lacked attorney representation during the criminal proceedings on the 1980 burglary charge in Texas.

Article III of the United States Constitution limits the jurisdiction of the federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2; *Lewis v. Governor of Ala.*, 944 F.3d 1287, 1296 (11th Cir. 2019). "The 'standing' doctrine is "'an essential and unchanging part of the case-or-controversy requirement.'" *Lewis*, 944 F.3d at 1296 (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)). "'Because standing to sue implicates jurisdiction, a court must satisfy itself that the plaintiff has standing before proceeding to consider the merits of h[is] claim, no matter how weighty or interesting.'" *Fried v. Garland*, 640 F. Supp. 3d 1252, 1257 (N.D. Fla. 2022) (quoting *Lewis*, 944 F.3d 1287, 1296 (11th Cir. 2019)).

To demonstrate standing, Plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Fried*, 640 F. Supp. 3d at 1257 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), as revised (May 24, 2016) (citing in turn *Lujan*, 504 U.S. at 560-61)). To qualify as an "injury in fact," the alleged injury must be "an invasion of a legally protected interest which is (a) concrete and particularized, ... and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 561 (citations and internal quotation marks omitted). "The plaintiff, as the party invoking federal jurisdiction, bears the burden of establishing these elements." *Spokeo*, 578 U.S. at 338 (citing *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

Further, under Rule 8(a) of the Federal Rules of Civil Procedure, the complaint "must contain ... a short and plain statement of the grounds for the court's jurisdiction," which includes facts sufficient to establish Plaintiff's standing to sue. Fed. R. Civ. P.

10

8(a)(1).[8] *Spokeo*, 578 U.S. at 338 (holding that "[w]here, as here, a case is at the pleading stage, the plaintiff must 'clearly ... allege facts demonstrating' each element" of standing (citation omitted)); *Warth v. Seldin*, 422 U.S. 490, 518 (1975) ("It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.").

Plaintiff's Amended Complaint contains allegations sufficient to establish that he wishes to own a firearm, but he cannot due to Defendants' obligation to prosecute him under § 922(g).[9] That may be enough to establish standing at this stage of the pleadings. *See*, *e.g.*, *Flick v. Att'y Gen., Dep't of Just.*, 812 F. App'x 974, 974 n.1 (11th Cir. 2020);[10] *Fried*, 640 F. Supp. at 1257-58.

---

[8] (*See* Doc. No. 16 at 3 (ordering Plaintiff to file an amended complaint that "shall comply with the Federal Rules of Civil Procedure, including Rule 8(a)").)

[9] The allegations in the *pro se* Amended Complaint support a reasonable inference that Plaintiff wants to obtain a firearm in the immediate future and would have done so, as long ago as 1989, were he not prohibited from doing so by § 922(g). (Doc. No. 18 at 5.)

[10] In *Flick*, a case that appears to be on all fours with this one, the plaintiff pled guilty to a felony in 1987, served his sentence of probation, and wished to purchase a firearm. *Flick*, 812 F. App'x at 975. He "contend[ed] he ... led an exemplary life following his guilty plea," and "claim[ed] that given his law-abiding history since his conviction, § 922(g)(1) violate[d] the Second Amendment as applied to him." *Id*. In evaluating the plaintiff's standing to bring the action, the Eleventh Circuit reasoned:

> As an initial matter, we determine that [the plaintiff] has standing to challenge the constitutionality of § 922(g)(1) even though he has not yet been prosecuted under that statute. [The plaintiff] has an injury in fact because he is prohibited from possessing a firearm without being subject to prosecution by § 922(g)(1). *See Lujan*[, 504 U.S. at 560]. Moreover, that injury is caused by § 922(g)(1) because [the plaintiff]'s home state of Georgia restored his civil and political rights, including the right to bear arms, and the injury would be redressed by a holding that § 922(g)(1) is unconstitutional as applied to [the plaintiff]. *See id*.

*Flick*, 812 F. App'x at 974 n.1.

11

Nevertheless, Defendants argue that the Amended Complaint does not allege an "injury in fact" because Plaintiff's allegations are insufficiently specific to demonstrate that he has a particular and reasonably imminent intention to possess a firearm, rather than an unspecified, generalized, hypothetical wish to possess one. Defendants recognize that, to render his constitutional injury sufficiently concrete to present a case or controversy, Plaintiff need not expose himself to imminent criminal prosecution by illegally obtaining a firearm before challenging the constitutionality of § 922(g). *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979) (holding that a litigant is not required to expose himself to arrest or prosecution before challenging a criminal statute that allegedly infringes on the exercise of his constitutional rights). However, Defendants argue that the lack of detailed, nonconjectural allegations as to Plaintiff's desire to obtain a firearm renders Plaintiff's alleged injury insufficiently "actual or imminent" to meet the jurisdictional requirements of standing. *See Summers v. Earth Island Inst.*, 555 U.S. 488, 496 (2009) (quoting *Lujan*, 504 U.S., at 564) ("'"[S]ome day" intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the "actual or imminent" injury that our cases require.'").

In his response brief, Plaintiff explains that he does have a concrete desire to own a firearm because, among other things, he plans to "hunt and teach his grandkids gun safety, and the proper way to use a gun for self-defense if need be." (Doc. No. 27 at 10, 13 (sic).) In light of Plaintiff's *pro se* status, the undersigned concludes that this allegation is

12

sufficient to allege standing at the pleading stage.[11] But, as Defendants point out in their reply, this allegation was made in a response and not in Plaintiff's Amended Complaint. Defendants thus argue that the Rules of Civil Procedure do not allow Plaintiff to amend the jurisdictional allegations of his Amended Complaint in a response brief, and that the court is limited to the four corners of the Amended Complaint in ruling on Defendants' facial challenge to Plaintiff's standing. (Doc. No. 28 at 2.)

Plaintiff is *pro se*. He is not held to the same standards as attorneys in drafting pleadings. *Erickson*, 551 U.S. at 94. He is, still, held to the Rules of Civil Procedure, including Rule 8(a)(1). *Municipality of Dothan v. Hammond*, No. 1:24-CV-289-ECM-JTA, 2024 WL 2378870, at *1 n.1 (M.D. Ala. May 22, 2024) ("[T]hough he is *pro se*, [a litigant] is required to comply with court orders and the Federal Rules of Civil Procedure." (citing *Maus v. Ennis*, 513 F. App'x 872, 878 (11th Cir. 2013))). (*See also* Doc. No. 16 at 3 (informing Plaintiff of the necessity of complying with Rule 8(a)).) Yet, even for parties represented by attorneys, amendments are "freely allow[ed]" by the Rules of Civil Procedure "when justice so requires[.]" Fed. R. Civ. P. 15 (a)(2). Moreover, *pro se* parties generally must be provided at least one opportunity to amend prior to dismissal, even

---

[11] The undersigned reaches this conclusion even after considering the primary case cited by Defendants. *Cf. Baisden v. Barr*, No. 19-CV-3105 (KBJ), 2020 WL 6118181, at *4 (D.D.C. Oct. 16, 2020) (holding that standing was not adequately established by a *pro se* plaintiff's complaint that was "completely silent with respect to any specific facts concerning whether he ever owned a firearm or possessed a permit, ever used a firearm or intended to use one, *or ever wished or desired to possess one in the future*" (emphasis added)). In their reply, Defendants do not contend that Plaintiff's additional allegations of his desire to hunt and teach his grandchildren to use firearms would be insufficient to establish a sufficiently imminent, credible threat of prosecution. (Doc. No. 28 at 3.)

without a motion, and, "in some situations, further leniency –or 'an extra dose of grace' – may be warranted 'in recognition of the difficulty in proceeding pro se.'" *Grant*, 2023 WL 2416262, at *4 (quoting *Silberman*, 927 F.3d at 1132–33). Even for parties represented by attorneys, defective allegations of jurisdiction generally "may be amended, upon terms" at any time, even on appeal. 28 U.S.C. § 1653. Therefore, for the sake of judicial efficiency, the undersigned will construe Plaintiff's Answer to Motion to Dismiss (Doc. No. 27) as containing a motion for leave to amend the complaint to more specifically allege the basis for the court's jurisdiction. Further, the court will grant the motion to the extent that, in considering Plaintiff's standing to sue, it will allow consideration of Plaintiff's intent to hunt and teach his grandchildren to safely use firearms.[12] *Cf. Edwards v. BMO Harris Bank*, NA, No. 8:23-CV-1577-CEH-UAM, 2024 WL 2187438, at *3 (M.D. Fla. May 15, 2024) ("[B]ecause Plaintiffs are proceeding *pro se*, and a dismissal for lack of subject matter jurisdiction must be without prejudice ... the Court will provide Plaintiffs with the opportunity to move for leave to amend the Amended Complaint before dismissing the action). Considering Plaintiff's stated intent, the court concludes that Plaintiff's allegations of standing, as amended, are sufficient to establish jurisdiction. Defendants' Motion to Dismiss for Lack of Jurisdiction is thus due to be denied.

---

[12] Plaintiff will not be required to file a separate motion to amend or an amended pleading that contains additional allegations regarding his standing to sue. As explained in Section IV.B. below, Plaintiff's constitutional claims are substantively precluded from consideration by this court due to controlling Eleventh Circuit precedent. Therefore, the court will not pointlessly delay proceedings to require filing of a motion to amend or a second amended complaint.

B.  Motion to Dismiss for Failure to State a Claim

In the opening paragraph of his response brief, Plaintiff makes clear that "[t]his [case] is not about the 8th[] Amendment case, or a[] 5th Amendment case. This is a Second Amendment case only, 18 U.S.C. 922(g)." (Doc. No. 27 at 1 (sic).) Plaintiff then proceeds to present arguments in support of his Second Amendment claims, to the exclusion of his other constitutional claims. The court finds that Plaintiff has expressly and affirmatively abandoned his constitutional claims other than his Second Amendment claim. Therefore, all claims except Plaintiff's Second Amendment claims are due to be dismissed. *See Anzalone v. United Bank*, No. 1:21-CV-14-TFM-M, 2021 WL 4759633, at *3 (S.D. Ala. Oct. 8, 2021) (Moorer, J.) (granting a motion to dismiss as to a claim the plaintiff expressly abandoned in his response brief); *see also Woodward v. Jim Hudson Luxury Cars, Inc.*, No. CV 118-032, 2019 WL 4793058, at *6 (S.D. Ga. Sept. 30, 2019) (granting summary judgment on claims where, in her response brief, the "[p]laintiff expressed her intent to abandon" those claims).

Plaintiff contends that § 922(g)(1) is inconsistent with the nation's "history and traditions," both on its face and as applied in his circumstance. (Doc. No. 27.) Hence, Plaintiff argues § 922(g)(1) is unconstitutional because it runs afoul of *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022) and *District of Columbia v. Heller*, 554 U.S. 570 (2008). Plaintiff's Second Amendment arguments mirror those of numerous other litigants who maintain that, under the Supreme Court's current approach to the application of the Second Amendment, § 922(g)(1) is unconstitutional either on its face or as applied to their particular circumstances. The Eleventh Circuit has consistently rejected

15

such arguments. *See*, *e.g.*, *United States v. Pierre*, No. 23-11604, 2024 WL 1070655, at *1 (11th Cir. Mar. 12, 2024) (rejecting the appellant's argument that "§ 922(g)(1) is unconstitutional as applied to his case, in light of [*Bruen*], because it violates the Second Amendment and is inconsistent with this nation's tradition of firearms regulations"); *Flick*, 812 F. App'x at 974 (similar case involving an as-applied challenge); *United States v. Staley*, No. 8:23-CR-228-CEH-JSS, 2023 WL 8520783, at *4 (M.D. Fla. Dec. 8, 2023) ("Every court that has considered similar arguments in this Circuit held that [*United States v. Rozier*, 598 F.3d 768, 771 (11th Cir. 2010)] is good law and forecloses a facial challenge, because it holds that § 922(g)(1) is constitutional as applied to felons as a 'class[ ] of people.' 598 F.3d at 771. ").

"It is axiomatic that federal district courts" must follow the holdings in opinions that constitute binding precedent from their respective Circuit Courts of Appeals. *Davis v. United States*, No. 10-80139-CR, 2017 WL 11684517, at *4 (S.D. Fla. Feb. 3, 2017), *report and recommendation adopted*, No. 16-81031-CIV, 2017 WL 11684516 (S.D. Fla. Mar. 1, 2017) (citations omitted); *see also In re Hubbard*, 803 F.3d 1298, 1309 (11th Cir. 2015) (referring to "the fundamental rule that courts of this circuit are bound by the precedent of this circuit"). Therefore, regardless of the arguments raised in the parties' briefs or the divergence of legal scholarship on the pertinent issues,[13] this court must yield to Eleventh

---

[13] In *United States v. Bullock*, 679 F. Supp. 3d 501, 505 (S.D. Miss. 2023), United States District Judge Carlton W. Reeves extensively discussed the pitfalls of the Supreme Court's Second Amendment jurisprudence, questioned its originalist underpinnings, and explained the practical difficulties in applying that precedent in real-world cases at the district court level.

Judge Reeves also discussed other ancillary ramifications of the Supreme Court's recent Second Amendment cases, particularly *Bruen* and *Heller*. For example:

Circuit precedent. That precedent holds that § 922(g) does not run afoul of *Bruen*, *Heller*, or the United States Constitution. *United States v. Dubois*, 94 F.4th 1284, 1291-92 (11th Cir. 2024); *see United States v. Jones*, No. 23-10227, 2024 WL 1554865, at *2 (11th Cir. Apr. 10, 2024) (confirming that binding Eleventh Circuit precedent foreclosed consideration of the argument that a "§ 922(g)(1) felon-in-possession conviction must be vacated given the Supreme Court's decision in" *Bruen*); *see also Pierre*, 2024 WL 1070655, at *1 (explaining that binding precedent of the Eleventh Circuit holding that § 922 is constitutional "remains good law"); *Williams v. United States*, No. 8:21-cr-257-MSS-CPT, 2024 WL 2846006, at *2 (M.D. Fla. June 5, 2024) (explaining that "facial and as-applied challenges to the constitutionality of § 922(g) are squarely foreclosed by binding [Eleventh Circuit] precedent"). Consequently, Defendants' motion to dismiss for failure to state a claim is due to be granted, and Plaintiff's claims are due to be dismissed with prejudice.

## VI. CONCLUSION

Accordingly, it is ORDERED as follows:

---

> In breathing new life into the Second Amendment ... the [Supreme] Court has unintentionally revealed how it has suffocated other fundamental Constitutional rights. Americans are waiting for *Heller* and *Bruen's* reasoning to reach the rest of the Constitution.
>
> ....
>
> We have one Constitution. All of it is law. It has been enforced today as best as this Judge can discern the *Bruen* Court's holding and reasoning. And, one hopes, a future Supreme Court will not rest until it honors the rest of the Constitution as zealously as it now interprets the Second Amendment.

*Bullock*, 679 F. Supp. 3d at 538.

1. Plaintiff's Answer to Motion to Dismiss (Doc. No. 27) is CONSTRUED as containing a motion for leave to amend the complaint to cure defective jurisdictional allegations.

2. Plaintiff's motion for leave to amend (Doc. No. 27) is GRANTED.

3. Defendants' Motion to Dismiss (Doc. No. 23) is CONSTRUED as containing both a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction and a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

Further it is the RECOMMENDATION OF THE MAGISTRATE JUDGE that

1. Defendants' Rule 12(b)(1) motion to dismiss (Doc. No. 23) be DENIED.

2. Defendants' Rule 12(b)(6) motion to dismiss (Doc. No. 23) be GRANTED.

3. This action be dismissed with prejudice on grounds that Plaintiff has failed to state a claim upon which relief can be granted.

Further, it is ORDERED that the parties shall file any objections to this Recommendation on or before **June 28, 2024**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

DONE this 13th day of June, 2024.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE