IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOHNNIE L. RALEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:23-cv-552-RAH |
| | ) |
| UNITED STATES OF AMERICA, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On June 13, 2024, the Magistrate Judge filed a Recommendation that this case be dismissed for failure to state a claim. (Doc. 29.) On June 26, 2024, Plaintiff filed an Objection (Doc. 36) in which he does not provide any substantive objections to the Recommendation.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo.* 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). *See also United States v. Gopie,* 347 F. App'x 495, 499 n.1 (11th Cir. 2009). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific to warrant *de novo* review. *See Macort v. Prem, Inc.,* 208 F. App'x 781, 783–85 (11th

Cir. 2006). Otherwise, a Report and Recommendation is reviewed for clear error. *Id.*

Plaintiff challenges the constitutionality of 18 U.S.C. § 922(g) as it is applied to him. Plaintiff repeatedly pleads with the Court for help in allowing him to possess a firearm again after forty years of being a model citizen. Because Plaintiff is a felon, 18 U.S.C. § 922(g) prohibits him from ever possessing a firearm. Plaintiff also misunderstands how Federal Rule of Civil Procedure 12(b)(6) operates. Rule 12(b)(6) does not, as Plaintiff suggests, prevent him from appealing an order of this Court. Plaintiff may appeal any final judgment of this Court within thirty (30) days of issuance. *See* Fed. R. App. P. 4(a)(1)(A) ("In a civil case . . . the notice of appeal . . . must be filed with the district clerk within 30 days after entry of the judgment[.]") This will include the final judgment that accompanies this order.

The Court recognizes that Mr. Raley has been a productive citizen for the past forty years and seeks to possess firearms again to join his family in hunting and for self-defense. This Court acknowledges Mr. Raley's plight, but cannot give him the relief he seeks. The Eleventh Circuit has repeatedly rejected arguments that 18 U.S.C. § 922(g) is unconstitutional under the Second Amendment. *See, e.g, Flick v. Att'y Gen., Dep't of Just.*, 812 F. App'x 974, 974 (11th Cir. 2020) (similar case involving an as-applied challenge to 922(g)); *United States v. Dubois*, 94 F.4th 1284, 1291–92 (11th Cir. 2024) (holding that 922(g) does not violate the United States Constitution). And this Court is bound to follow the precedents of the Eleventh Circuit. *See In re Hubbard*, 803 F.3d 1298, 1309 (11th Cir. 2015).

Accordingly, upon an independent review of the record, it is **ORDERED** as follows:

1. The Objection (Doc. 30) is **OVERRULED**;
2. The Recommendation (Doc. 29) is **ADOPTED**;
3. Defendants' Rule 12(b)(1) Motion to Dismiss (Doc. 23) is **DENIED**;

4. Defendants' Rule 12(b)(6) Motion to Dismiss (Doc. 23) is **GRANTED**; and

5. This action is **DISMISSED WITH PREJUDICE**.

A separate final judgment will follow.

**DONE**, on this the 16th day of August 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE